**Balbir SINGH; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72261.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 2007.

Filed Feb. 1, 2007.

---

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Marie–Flore Kuoame, U.S. Dept. of Justice, Washington, DC, for Respondent.

Before: NOONAN and CLIFTON, Circuit Judges, and SCHIAVELLI,* District Judge.

## MEMORANDUM **

Balbir Singh, and his family derivatively, petition for review of the Board of Immigration Appeals's decision that affirmed an Immigration Judge's denial of Singh's claims for asylum, withholding of removal, and relief under the Convention Against Torture. Although we conclude that the BIA erred in finding that Singh was firmly resettled in the United Arab Emirates, we

---

* The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

deny the petitions because we affirm the adverse credibility finding.

■ The firm resettlement inquiry is governed by *Maharaj v. Gonzales,* 450 F.3d 961 (9th Cir.2006) (en banc), which was unavailable to the BIA and IJ at the time they rendered their decisions. Under *Maharaj,* the Government "bears the initial burden of showing that the government of the third country issued to the alien a formal offer of some type of official status permitting the alien to reside in that country indefinitely." *Id.* at 976. If "direct evidence of a formal offer is unobtainable," the Government can use non-offer evidence, but the Government "also bears the burden of showing that the non-offer-based evidence ... signifies some kind of entitlement to stay indefinitely." *Id.* Here, the record does not show that the U.A.E. offered Singh an entitlement to stay indefinitely. Rather, the only suggestion is that his residency depended upon continued employer sponsorship.

■ The BIA, however, also denied Singh's appeal on the basis of an adverse credibility finding. The BIA adopted and affirmed the IJ's reasoning on credibility, and we do not find that "the evidence compels a contrary conclusion," *Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir. 2006). "The IJ's skepticism as to the plausibility of Mr. Singh's account may be a proper basis for finding his testimony is inherently unbelievable, if [the IJ's] logical inferences are supported by substantial evidence." *Id.* at 1110. Here, substantial evidence supported the IJ's findings that Singh's story was implausible, particularly that Singh could have suffered the level of injury he claimed and still have been able to fly to the U.A.E. so soon after his alleged beating. In these circumstances, the IJ could require corroboration and make an adverse credibility determination in its absence.

■ Singh's remaining contentions also fail. His due process rights were not violated by the IJ's switch to the U.A.E. as the primary country to which to attempt removal, because Singh was advised from his calendar hearing forward that the U.A.E. was an alternative country for this purpose. He had notice that he might be removed to the U.A.E., so *Andriasian v. INS,* 180 F.3d 1033, 1038–39, 1041 (9th Cir.1999) is distinguishable. Finally, we reject Singh's contention based on *Kamalthas v. INS,* 251 F.3d 1279 (9th Cir.2001), that the BIA and IJ relied too heavily on the adverse credibility determination when denying his Convention Against Torture claim, as the consideration given this claim was adequate. *See Almaghzar v. Gonzales,* 457 F.3d 915, 921–22 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**